In light of National Institute of Family and Life Advocates ("NIFLA") v. Becerra , --- U.S. ----, 138 S.Ct. 2361, 201 L.Ed.2d 835 (2018), we reverse in part , vacate in part , and remand this case to the district court for further proceedings.
"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, *901 and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc. , 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (citations omitted). A "plaintiff [must] make a showing on all four prongs " to obtain a preliminary injunction. Alliance for the Wild Rockies v. Cottrell , 632 F.3d 1127, 1135 (9th Cir. 2011) (emphasis added); see also Garcia v. Google, Inc. , 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (stating that a plaintiff "must show" all four factors before an injunction may issue (citation and internal quotation marks omitted)).
In NIFLA , the Supreme Court concluded that NIFLA, Pregnancy Care Center, and Fallbrook Pregnancy Resource Center ("Plaintiffs") were "likely to succeed on the merits of their claim that the [California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act] violates the First Amendment." 138 S.Ct. at 2378. We therefore reverse the district court's conclusion that Plaintiffs were not likely to succeed on the merits of their free speech claims with respect to the notices covering both the licensed and unlicensed facilities.
The district court further premised its analysis of the other three Winter factors on its conclusion that Plaintiffs' First Amendment claim was not likely to succeed. We therefore vacate the district court's order on the three remaining Winter factors and remand for the district court to consider them again in light of NIFLA .
Plaintiffs-Appellants shall recover their costs on appeal from Defendants-Appellees.
REVERSED in part, VACATED in part, and REMANDED.